ELECTRONICALLY FILED - 2024 Jun 04 4:00 PM - RICHLAND - COMMON PLEAS - CASE#2024CP4003416

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS OF THE |
| ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND ) | DOCKET NO. 2024-CP-40-_____ |

| | |
|---|---|
| GREG E. PARKER, JR., AS GUARDIAN *AD LITEM* ) | |
| FOR C.S. AND A.S., MINORS UNDER THE AGE OF ) | |
| EIGHTEEN ) | |
| ) | |
| PLAINTIFF, ) | **SUMMONS** |
| ) | **(Declaratory Judgment)** |
| Vs. ) | |
| ) | |
| ZURICH/EMPIRE FIRE AND MARINE INSURANCE ) | |
| COMPANY; AND, ARCH INSURANCE COMPANY | |
| | |
| DEFENDANTS. | |

TO:     THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the undersigned at his office located at 1722 Main Street, Suite 302, Columbia, South Carolina, within Thirty (30) Days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

S/Jerry Reardon, Esq.
Jerry Reardon, Esquire (S.C. Bar # 13739)
Law Office Of Jerry Reardon
PO Box 7464
1722 Main Street, Suite 302
Columbia, South Carolina 29201
(803) 602-5242 (Telephone)
(803) 602-5243 (Fax)
Jerry@JerryReardonLaw.com

S/John S. Nichols, Esq.

ELECTRONICALLY FILED - 2024 Jun 04 4:00 PM - RICHLAND - COMMON PLEAS - CASE#2024CP4003416

John S. Nichols, Esquire (S.C. Bar # 4210)
Bluestein Thompson Sullivan, LLC
1614 Taylor Street
Post Office  Box 7965
Columbia, South Carolina 29202
(803)779-7599 (Telephone)
(803)771-8097 (Fax)
John@BluesteinAttorneys.com

Dated: June 4, 2024
Columbia, South Carolina

ELECTRONICALLY FILED - 2024 Jun 04 4:00 PM - RICHLAND - COMMON PLEAS - CASE#2024CP4003416

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA ) | | **IN THE COURT OF COMMON PLEAS OF THE** |
| ) | | **FIFTH JUDICIAL CIRCUIT** |
| COUNTY OF RICHLAND ) | | **DOCKET NO. 2024-CP-40-_____** |

| | |
|---|---|
| GREG E. PARKER, JR., AS GUARDIAN *AD LITEM* ) | |
| FOR C.S. AND A.S., MINORS UNDER THE AGE OF ) | |
| EIGHTEEN ) | |
| ) | |
| PLAINTIFF, ) | **COMPLAINT** |
| ) | **DECLARATORY JUDGMENT** |
| Vs. ) | (Jury Trial Requested) |
| ) | |
| ZURICH/EMPIRE FIRE AND MARINE INSURANCE ) | |
| COMPANY; AND, ARCH INSURANCE COMPANY ) | |
| ) | |
| DEFENDANTS. ) | |

The Plaintiff brings this declaratory judgment action against Defendants and would respectfully allege and show unto this Honorable Court as follows:

1. The Plaintiff, Greg E. Parker, Jr., and minors CS and AS are citizens and residents of the County of Richland, State of South Carolina. Greg E. Parker, Jr., has been appointed as the Guardian *ad Litem* for the minor children and brings suit on behalf of the minors CS and AS.

2. Defendant Empire Fire and Marine Insurance Company (hereinafter, "Empire Fire and Marine") is an insurance company organized and existing under the laws of the State of Nebraska with its principal place of business in Omaha, Nebraska, licensed to do business in the State of South Carolina.

3. Upon information and belief, Defendant Empire Fire and Marine is licensed and authorized to issue policies of insurance in the State of South Carolina, maintains agents, service and owns property in the State of South Carolina for the purpose of

conducting business.

4. Defendant Arch Insurance Company (hereinafter, "Arch Insurance") is an insurance company organized and existing under the laws of the State of Missouri with its principal place of business in Kansas City, Missouri, licensed to do business in the State of South Carolina.

5. Love Buick GMC, Inc., is a company organized and existing under the laws of the State of South Carolina with its principal place of business in Columbia, South Carolina.

6. This is a declaratory judgment action brought pursuant to the South Carolina Declaratory Judgments Act; as such, it does not seek monetary damages, but a declaration from the Court as to the parties' respective rights and obligations under the automobile insurance policies issued by the respective Defendants.

7. The insurance claim giving rise to the subject dispute arises from a motor vehicle collision that occurred on October 10, 2022, in Richland County, South Carolina; therefore, a substantial part of the events or omissions giving rise to this claim occurred in Richland County, South Carolina.

8. Love Buick GMC, Inc., owned and operated motor vehicles for the use of customers of the dealership and insured these motor vehicles under the General Motors Company Courtesy Transportation Program ("GM CTP") and the Cadillac Courtesy Transportation Alternative.

9. Love Buick GMC, Inc., by and through GM as a franchised dealer, insured these motor vehicles under multiple insurance policies purchased from Defendant Empire Fire and Marine and Defendant Arch Insurance Company.

ELECTRONICALLY FILED - 2024 Jun 04 4:00 PM - RICHLAND - COMMON PLEAS - CASE#2024CP4003416

10. Defendant Empire Fire and Marine sold and issued an insurance policy for "Rental Auto Coverage", policy no. RSF0137926-08 (hereinafter, the "RSF Policy"), through PDP Insurance Agency to General Motors, LLC (hereinafter, "General Motors") . A copy of the policy is attached as <u>Exhibit 1</u>.

11. Defendant Empire Fire and Marine sold and issued an insurance policy for "Excess Rental Liability Coverage", policy no. RSX0137927-08 (hereinafter, the "RSX Policy"), through PDP Insurance Agency to General Motors. A copy of the policy is attached as <u>Exhibit 2</u>.

12. General Motors purchased the RSX Policy and the RSF Policy (jointly, the "Empire Policies") to insure the vehicles of franchised General Motors dealers when those vehicles were utilized by customers of local dealerships through "Vehicle Use Agreements" in the GM CTP.

13. Upon information and belief, General Motors required compliance by Love Buick GMC, Inc., with the procedures and requirements laid out in the GM CTP Insurance Coverage and Procedures manual. A copy of the manual, dated October 1, 2022, is attached as <u>Exhibit 3</u>.

14. Upon information and belief, the "Insurance Program" operated by General Motors reserved the right to "deny any associated insurance claim for vehicle damage and/or liability losses" for a dealership's failure to comply with "any requirements outlined in this document." *See*, <u>Exhibit 3</u>, p. 1.

15. At all times relevant and material to the allegations herein, General Motors maintained insurance on the vehicles utilized by Love Buick GMC, Inc., as loaner vehicles by and through the Empire Policies.

16. The Empire Policies provided, among other things, for automobile liability insuring against property damage and bodily injury losses and excess liability insurance.

17. At all times relevant and material to the allegations herein, Love Buick GMC, Inc., was and is part of "Love Automotive Group" and comprises the separate corporate entity of Love Automotive, Inc., who maintained additional insurance on its fleet of vehicles by and through a policy issued by Defendant Arch Insurance Company.

18. Upon information and belief, Arch Insurance is licensed and authorized to issue policies of insurance in the State of South Carolina, maintains agents, service and owns property in the State of South Carolina for the purpose of conducting business.

19. The Defendant, Arch Insurance, sold and issued policy no. ZACAT1844504 (hereinafter, the "Arch Policy") through Parrish & Gwinn Insurance Group to Love Automotice, Inc. A copy of the policy is attached as Exhibit 4.

20. The Arch Policy provided, among other things, coverage for "any 'Auto'" with a $2,000,000.00 limit per accident and contained a "Schedule of Named Insured(s)" endorsement that insured Love Automotive, Inc., its agents and assigns, Love Buick GMC, Inc., its agents and assigns, and others.

21. The Arch Policy provides that it will be primary for any covered auto owned by Love Buick GMC, Inc., and excess for any covered auto not owned by Love Buick GMC, Inc. See, Exhibit 4, p. 20.

22. Upon information and belief, Love Buick GMC, Inc., maintained this fleet of vehicles for the use of its customers and insured these vehicles through the combination of the Empire Policies and the Arch Policy.

23. On or around September 14, 2022, Love Buick GMC, Inc., loaned a 2020 Chevrolet

Equinox (VIN # 2GNAXKEVXL6194104) to Ana Salinas while her vehicle was being serviced by Love Buick GMC, Inc., by and through a "Vehicle Use Agreement." A copy of the agreement is attached as <u>Exhibit 5</u>.

24. On or about October 10, 2022, minors CS and AS were passengers in a vehicle operated by Ana Salinas and owned by Love Buick GMC, Inc., pursuant to the GM CTP when a motor vehicle collision occurred between Salinas and Freddy Xolitz on Percival Road in Richland County, South Carolina.

25. As a result of the October collision, the minors CS and AS suffered great physical harm and permanent bodily injuries, underwent mental anguish, emotional distress, loss of activities and enjoyment of life, incurred medical expenses, and future medical expenses.

26. At the time of the wreck, Defendants had in effect insurance policies that covered the vehicle driven by Salinas. *See generally*, <u>Exhibits 1, 2, and 4</u>.

27. Plaintiffs' injuries are the proximate result of the collision between the vehicle operated by Salinas and the vehicle operated by Xolitz on October 10, 2022.

28. At all times relevant and material to the allegations herein, the other at-fault driver, Freddy Xolitz, maintained an automobile insurance policy through Progressive Casualty Insurance Company, who tendered the policy limits of $75,000.00 on a Covenant Not to Execute ("CNTE") to Ana Salinas, A.S., and C.S., under claim no. 22-5131572.

29. At all times relevant and material to the allegations herein, Ana Salinas maintained an automobile insurance policy, policy no. 830722837, with Allstate Insurance Company, which insured five (5) vehicles owned by Ana and Antonio Salinas

(hereinafter, the "Allstate Policy").

30. The Allstate Policy provided, among other things, underinsured motorists ("UIM") coverage and liability coverage, subject to terms and conditions included in the policy and as allowed by law.

31. Plaintiffs' injuries far exceed the $75,000.00 sum tendered under Xolitz's liability insurance coverage and the insurance policy limits tendered by Allstate.

32. Plaintiffs' injuries far exceed the amount of liability insurance coverage under the RSF Policy and would absolutely exhaust the RSF Policy.

33. Plaintiff has filed suit against the at-fault drivers Ana Salinas and Freddy Xolitz in this Honorable Court, in the case of *Greg E. Parker, Jr., as Guardian ad Litem for minors CS and AS v. Ana Salinas and Freddy Xolitz*, C.A. No. 2022-CP-40-05983 (hereinafter, "Underlying Lawsuit").

**FOR A FIRST CAUSE OF ACTION**
(Declaratory Judgment)

34. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs, one (1) through thirty-three (33) as if repeated hereinafter verbatim.

35. This action is one for declaratory judgment pursuant to South Carolina Code Ann. §§ 15-53-10, *et seq*., as amended, for the purpose of determining a question in controversy between the parties as more fully appears herein.

36. On November 17, 2022, by and through their agent and employee, Defendant Zurich admitted that Ana Salinas was an "insured" under the terms of the RSF Policy pursuant to the Vehicle Use Agreement she signed when receiving the loaner Chevrolet Equinox from Love Buick GMC.

ELECTRONICALLY FILED - 2024 Jun 04 4:00 PM - RICHLAND - COMMON PLEAS - CASE#2024CP4003416

37. The RSF Policy, which provides liability coverage to the "rentee" through the Vehicle Use Agreement, contains a "Family Immunity Endorsement" that seeks to exclude from coverage: "'Bodily injury' to any 'insured' or any 'family member' of an 'insured'."

38. Upon information and belief, Defendant Zurich has rescinded their prior determination that coverage did not apply under the Family Immunity Endorsement.

39. The RSX Policy is advertised to franchised dealers such as Love Buick GMC, Inc., to provide "an additional $10M layer of protection for the Dealership" and "[p]rovides protection between the Customer's insurance and the Dealer's Garage Policy." See, Exhibit 3, p. 3.

40. The RSF Policy and the RSX Policy are both designed to "[a]ddress[] injury to another Party or loss/damage to another Party's property." See, Exhibit 3, p. 4.

41. Defendant Empire Fire and Marine sold and issued its policy of excess rental liability as described above providing coverage with a defined limit of liability set forth on the Declarations page of the Policy in the amount of $10,000,000.00.

42. Defendant Empire Fire and Marine contend that the RSX Policy excludes any coverage to the Plaintiffs' even where, as here, the minimum financial responsibility limits of the primary RSF Policy are exhausted.

43. South Carolina courts have long held that where an insurance contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used. If the terms are ambiguous or conflicting, then the policy is construed liberally in favor of the insured and strictly against the insurer. See *USAA Property and Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 661 S.E.2d 791 (2008).

44. The Plaintiff disputes Defendant Empire Fire and Marine's interpretation of its obligations leaving the parties uncertain as to any ongoing and future duties under the RSX Policy and under the Arch Policy.

45. In light of this active dispute, a declaration from this Court regarding the parties' rights and obligations under the policies of insurance issued by the Defendants with respect to the Underlying Lawsuit is both warranted and necessary.

46. In light of this active dispute, a declaration from this Court regarding the parties' rights and obligations under the Arch Policy with respect to the Underlying Lawsuit is both warranted and necessary as the Arch Policy is primary alongside and concurrent with the Empire Policies.

47. This Court should inquire into this matter, which is a proper subject for declaratory judgment under § 15-53-10 *et seq*. of the 1976 South Carolina Code as amended, and issue an order declaring that the RSX Policy issued by Defendant Empire Fire and Marine does provide coverage for the Plaintiffs in the Underlying Lawsuit.

48. This Court should inquire into this matter, which is a proper subject for declaratory judgment under § 15-53-10 *et seq*. of the 1976 South Carolina Code as amended, and issue an order declaring that the Arch Policy issued by Defendant Arch does provide coverage for the Plaintiff in the Underlying Lawsuit.

49. Plaintiff is entitled to judgment against the Defendants up to the amount of coverage to satisfy the damages in excess of the primary insurance policy.

WHEREFORE, Plaintiff seeks judgment from the Court as follows:

A. A declaration that Plaintiff is entitled to collect insurance coverage under the terms of the RSX Policy issued by Defendant Empire Fire and Marine.

ELECTRONICALLY FILED - 2024 Jun 04 4:00 PM - RICHLAND - COMMON PLEAS - CASE#2024CP4003416

B. A declaration that Plaintiff is entitled to collect insurance coverage under the terms of the Arch Policy issued by Defendant Arch.

C. A declaration that any policy provisions which purport to exclude Plaintiff from collecting the Empire Fire and Marine UIM coverage is null and void because any such provisions contravene South Carolina law and public policy;

D. Judgment against Defendant Empire Fire and Marine Mutual Automobile Insurance for actual damages, punitive damages, prejudgment interest, and attorneys' fees, for the costs and disbursements of this action;

E. Judgment against Defendant Arch Insurance Company for actual damages, punitive damages, prejudgment interest, and attorneys' fees, for the costs and disbursements of this action; and

F. For other such relief as this Court may deem just and equitable.

S/Jerry Reardon, Esq.
Jerry Reardon, Esquire (S.C. Bar # 13739)
Law Office Of Jerry Reardon
PO Box 7464
1722 Main Street, Suite 302
Columbia, South Carolina 29201
(803) 602-5242 (Telephone)
(803) 602-5243 (Fax)
Jerry@JerryReardonLaw.com

S/John S. Nichols, Esq.
John S. Nichols, Esquire (S.C. Bar # 4210)
Bluestein Thompson Sullivan, LLC
1614 Taylor Street
Post Office Box 7965
Columbia, South Carolina 29202
(803)779-7599 (Telephone)
(803)771-8097 (Fax)
John@BluesteinAttorneys.com
Attorneys for the Plaintiff

June 4, 2024
Columbia, South Carolina

ELECTRONICALLY FILED - 2024 Jun 04 4:00 PM - RICHLAND - COMMON PLEAS - CASE#2024CP4003416